Judge Rowan
delivered the opinion of the court.
Meriwither filed his bill in the court below, alledging that he was proprietor of 1000 acres of land by patent from the state of Virginia. That he placed his tenant on the land, by whom he held possession for several years, and until he was driven off the Indians: That before his tenant could with safety resume his possession, one Cravenson had taken possession of the house and inclosure of his tenant: That he maintained his usurped possession of the premises by force against his said tenant, and kept him out ever after: That the said Cravenson died in possession, and that the defendant, Samuel Cravenson, succeeded him in the possession, who still maintains it, and has maintained it so long that complainant, although he possesses the eldest patent for the land, is unable to recover possession by ejectment, or any action known to the law: That he instituted an action of ejectment against said Cravenson, which is now depending, and which will be barred by the statute of limitations unless the defendant is restrained by the chancellor from insisting thereon, at the trial thereof: He prays that he may be so restrained, and that the chancellor would decree the said Cravenson to release his title to the premises. The bill was taken for confessed, and the prayer of the bill decreed. To reverse which decree Cravenson sued out this writ of error.
This is certainly a case of very singular aspect. The prayer of the bill solicits the interference of the chancellor, upon a statement of facts, which, upon every rule and usage of that court, forbids his interference. He possesses no jurisdiction either customary or statutory, which is not repelled by the case made out by complainant.
The decree must be reversed with costs, and the bill dismissed with costs.